**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| RAY EDWARD IRWIN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-0484-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Ray Irwin's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of anxiety, depression, and post-traumatic stress disorder ("PTSD"), but retained the residual functional capacity ("RFC") to perform past work as a car porter, or alternately, to work as an industrial cleaner, order filler, and machine finisher.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on March 5, 2015, alleging a disability onset date of January 1, 2010. The Commissioner denied the application at the initial

claim level, and Plaintiff appealed the denial to an ALJ. An ALJ held a hearing and on February 3, 2016, ruled that Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review on March 24, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff makes three arguments. He contends the ALJ erred at Step Four because he: (1) failed to weigh a doctor's medical opinion and (2) erred in finding he could perform past relevant work. He also argues the ALJ erred at Step Five in finding that (3) he could work as an industrial cleaner, order filler, or machine finisher.

These arguments are unavailing.

**A.      The ALJ considered Dr. Karr's opinion.**

Plaintiff argues it is unclear from the ALJ's decision whether he considered the opinion of Dr. Carolyn Karr, Ph.D., that Plaintiff's PTSD interfered with his ability to perform gainful activities. Plaintiff suggests that since the Court cannot determine whether the ALJ ignored, improperly weighed, or overlooked Dr. Karr's opinion, the case must be remanded.

Plaintiff's argument is based on a two sentences in the "Remarks" section of a disability benefits questionnaire Dr. Karr completed on October 16, 2014. Dr. Karr wrote in it:

> The following symptoms and behaviors exhibited and reported by the veteran interfere with maintenance of gainful activities (including both sedentary and physical tasks): sleep issues, depression, irritability, some trouble getting along with others, social isolation, hypervigilance, avoidance of trauma-related stimuli and triggers, and heightened arousal. These symptoms constitute functional limitations to starting and completing both sedentary and physical tasks.

R. at 274, 476. The questionnaire appears in its entirety in two parts of the record, exhibits 1F and 4F. R. at 264-74; 467-76. In each exhibit, the questionnaire is contained within a larger

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

group, 129 pages and 107 pages respectively, of Veterans Administration records. R. at 246-374, 397-504. Plaintiff's argument is, in essence, that because the ALJ's opinion cited only the exhibit numbers, and not Dr. Karr's specific remark, remand is required.

This argument is without merit. "[A]n ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). "An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.* While it may be a deficiency in opinion-writing technique, remand is required only if the ALJ's decision is not otherwise supported, or if the ALJ's decision contains other errors and uncertainties. *Nowling v. Colvin*, 813 F.3d 1110, 1121 (8th Cir. 2016). In the present case, the record demonstrates the ALJ was aware of and considered Dr. Karr's opinion. The ALJ specifically cited exhibits 1F and 4F twice while discussing Plaintiff's mental RFC, and he noted that the evidence documented a history of depression and anxiety-related symptomology. R. at 21-22. He also noted that the majority of the medical evidence showed Plaintiff's mental health was well-controlled and stable, and that the majority of the evidence from the Veterans Administration consisted of checklists and not the results of mental status examinations. R. at 22. Given that he discussed the contents of the questionnaire generally, that the questionnaire appears twice in the record, and that the ALJ cited both exhibits containing it, the Court is convinced he considered it.

Further, although it would have been better if the ALJ had specifically discussed Dr. Karr's opinion, the ALJ's decision nonetheless reflects he found it was not persuasive. And there is a good reason supporting the decision to not give Dr. Karr's opinion significant weight: The ALJ may properly discount a physician's opinion when it is inconsistent with her own examination notes. *See Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Here, Dr. Karr noted Plaintiff was "generally functioning satisfactorily, with normal routine behavior," and he was

pleasant with a stable affect and cooperative. R. at 265, 273, 468, 476. But Dr. Karr nonetheless concluded Plaintiff's symptoms, including trouble getting along with others, interfered with his ability for any kind of gainful employment. R. at 274, 476. Thus, Dr. Karr's opinion is not entitled to significant weight because it is inconsistent with her examination notes. The ALJ's decision is also well-supported because his RFC determination properly accounted for Plaintiff having some trouble getting along with others by limiting him to having only occasional, superficial contact with co-workers and supervisors and no contact with the public. R. at 19. Thus, even though there is arguably a deficiency in opinion writing technique here, remand is not required because the ALJ's decision is well-supported.

**B.**     **The ALJ did not err in finding Plaintiff could work as an industrial cleaner, order filler, or machine finisher.**

The Commissioner does not contest that the ALJ erred in finding that Plaintiff's past work as a car porter for UPS qualifies as past relevant work. Rather, the Commissioner contends that assuming he erred, the ALJ's alternate finding that Plaintiff could still work as an industrial cleaner, order filler, or machine finisher is supported by substantial evidence, so the Court must affirm.

The ALJ asked the vocational expert ("VE") a hypothetical question assuming a person of Plaintiff's age with the same education and work experience and no physical limitations, but who was limited to repetitive, unskilled, simple work that did not involve complex instructions. R. at 41. The individual could have no interaction with the public, and only occasional superficial interaction with co-workers and supervisors. R. at 42. The VE answered that the individual could work as an industrial cleaner, order filler, and machine finisher, and that her answer was consistent with the Dictionary of Occupational Titles ("DOT"). R. at 42. She also noted that some of the limitations addressed in the hypothetical question were not addressed by

the DOT, but she based her answer on her professional experience with the jobs in the labor market. R. at 43. The VE testified that the jobs she cited would be learned through on-the-job training, observation, and hands-on learning, and that an individual might need to closely shadow another employee for a day or two to learn the job, but that it could be as little as an hour. R. at 43-44.

Plaintiff argues that the VE's testimony conflicts with the DOT because he could not perform the jobs she identified since they have a specific vocational preparation ("SVP") of two and require the ability to follow detailed instructions. The jobs also have a reasoning level of two, which requires carrying out detailed, but uninvolved, instructions.

This argument is without merit. A finding that a claimant can perform simple, routine, repetitive work is not inconsistent with the ability to perform reasoning level two work. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). The ALJ found Plaintiff could perform "repetitive, unskilled, simple tasks with no complex instructions." R. at 19. Hence, the ALJ did not err in finding Plaintiff could perform reasoning level two jobs.

Plaintiff's claim that he could not perform the jobs identified by the VE because learning them would require interaction with co-workers or supervisors is also unavailing. The VE cited jobs that have an SVP of two, which requires anything from slightly more than a short demonstration to up to one month to learn. *See* DOT App'x C (4th ed., Rev. 1991). Plaintiff assumes that he would have to work side-by-side with a co-worker for that entire time to learn the job. However, vocational preparation includes a number of factors including past schooling, past job experience, as well as on-the-job demonstrations. *See id.* Thus, Plaintiff's limitation to occasional, superficial interaction with co-workers and supervisors would not preclude him from learning these jobs. Because the ALJ's hypothetical to the VE incorporated all of Plaintiff's limitations and the VE's testimony was not inconsistent with the DOT, the ALJ properly relied

on the VE's testimony to find Plaintiff could perform other work available in the national economy. *See Gragg v. Astrue*, 615 F.3d 932, 941 (8th Cir. 2010). Thus, the ALJ did not err in finding Plaintiff was not disabled.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    August 30, 2017           /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT